Filed 7/29/22  P. v. Snyder CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RALPH THOMAS SNYDER II,<br><br>        Defendant and Appellant. | A162756<br><br>(Lake County<br> Super. Ct. No. CR953688-A) |

Defendant Ralph Thomas Snyder II contends on appeal his sentence must be vacated and his case remanded for resentencing in light of Senate Bill No. 567's (2021–2022 Reg. Sess.) (Senate Bill 567) amendments to Penal Code[1] section 1170, subdivision (b). We agree and remand for resentencing.

### I.  BACKGROUND

Defendant was charged with felony unlawful possession of a firearm (Pen. Code, § 29800, subd. (a); count 1) and felony unlawful possession of ammunition (*id.*, § 30305, subd. (a)(1); count 2). The complaint referenced a felony conviction from 1993 in support of those counts. Defendant pled no contest as to count 1 and admitted his prior as to that count.

The court suspended imposition of defendant's sentence and placed him on three years' probation. However, the court subsequently revoked

---

[1] All statutory references are to the Penal Code.

defendant's probation due to a probation violation. The court then sentenced defendant to the upper term of three years on count 1. The court identified various circumstances in aggravation, including that "[t]he manner in which the crime was carried out indicated planning and sophistication," his "prior convictions as an adult are numerous and of increasing seriousness," he "served two prior prison terms," he "was on two grants of summary probation when the crime was committed," and his performance on probation and parole "were unsatisfactory." Defendant timely appealed.

## II. DISCUSSION

On appeal, defendant asserts he is entitled to resentencing under section 1170 as amended by Senate Bill 567. He contends he did not stipulate to the facts upon which the trial court relied when imposing his sentence, and they were not found true by a jury. The Attorney General disagrees resentencing is necessary, arguing defendant admitted to a prior felony. The Attorney General further argues any error was harmless.[2]

At the time of sentencing, section 1170 provided that the sentencing choice between the low, middle, and upper term "shall rest within the sound discretion of the court" based on which term "best serves the interests of justice." (Former § 1170, subd. (b).) Effective January 1, 2022, Senate Bill 567 modified this provision to require imposition of the middle term of imprisonment unless circumstances in aggravation justify imposition of a greater sentence. (Stats. 2021, ch. 731, § 1.3.) It also modified section 1170, subdivision (b) to require the circumstances in aggravation be found true beyond a reasonable doubt or be stipulated to by the defendant. (Stats. 2021,

---

[2] The parties agree that amended section 1170 applies retroactively to defendant. We concur. (See *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

2

ch. 731, § 1.3.) However, subdivision (b)(3) allows a court to consider a defendant's prior convictions in determining sentencing "based on a certified record of conviction without submitting the prior convictions to a jury." (Stats. 2021, ch. 731, § 1.3.)

Here, defendant was sentenced to the upper term of three years on count 1 based on the following considerations: (1) the crime indicated planning and sophistication; (2) his numerous and increasingly serious prior convictions; (3) his two prior prison terms; (4) he committed the crime while on probation; and (5) his unsatisfactory performance on probation and parole. Nothing in the record indicates defendant stipulated to the facts supporting these factors apart, perhaps, from admitting to a single 1993 felony conviction as part of his plea deal.[3] But nothing in that admission conceded defendant committed numerous convictions or that those convictions were of increasing seriousness.

Moreover, the court's assessment of defendant's convictions and his performance while on probation appear to be drawn from the probation report. Under amended section 1170, subdivision (b)(3), a trial court may only consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury. (§ 1170, subd. (b)(3).) If the prior convictions are not included in the record in a certified record of conviction, then they must be proven to a jury. (*Ibid.*) In this case, the trial court appears to have relied on neither, but only on the probation report summarizing defendant's criminal

---

[3] The Attorney General argues the court properly considered the 1993 conviction under section 1170 because of defendant's admission, and that conviction supports imposition of an upper term. We disagree as discussed further herein.

history. Accordingly, the trial court erred in relying on those factors when imposing the upper term.

The Attorney General argues any error is harmless because only a single aggravating factor could support an upper term sentence. The Attorney General notes the probation report supports the court's findings by identifying defendant's numerous misdemeanor and felony convictions, and showing defendant served two prior prison terms, was on probation when he committed the instant offense, and performed poorly on probation and parole. And the Attorney General argues the court's reliance on the probation report was harmless because the same information is available from official records.

Section 1170, subdivision (b)(3) allows courts to consider certified records of conviction. However, it is unclear whether subdivision (b)(3) is limited to simply the convictions or allows trial courts to find any underlying facts other than the prior convictions themselves. The statute arguably does not codify judicial consideration of facts related to a defendant's recidivism. (See *People v. Gallardo* (2017) 4 Cal.5th 120, 124–125 [disapproving 6th Amend. precedent and limiting judicial factfinding about the facts underlying a defendant's prior conviction].) We need not resolve this issue. Even assuming section 1170, subdivision (b)(3) allowed courts to consider the underlying facts surrounding a prior conviction *and* the trial court's reliance on the probation report rather than certified records of conviction was harmless, we cannot conclude the court's consideration of the other aggravating factors was harmless error.

The record does not clearly indicate the trial court necessarily would have imposed the upper term absent its consideration of all the aggravating factors it identified, especially considering the middle term is now presumptive as articulated in Senate Bill 567 and amended section 1170.

(§ 1170, subd. (b)(1)–(2) [court shall order imposition of a sentence not to exceed the middle term except when there are circumstances in aggravation that justify imposition of a term exceeding the middle term].)  " 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court.  [Citations.]  A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.'  [Citation.]  In such circumstances, [our Supreme Court has] held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)  Because the record does not clearly establish how the court would have balanced the sentencing factors with the limitations imposed under Senate Bill 567 and amended section 1170, resentencing is warranted.  (See *People v. Buycks* (2018) 5 Cal.5th 857, 893. 896.)

Accordingly, we vacate defendant's sentence and remand to the trial court to apply section 1170 as modified by Senate Bill 567 in the first instance in order to determine defendant's new sentence.

### III.  DISPOSITION

Defendant's sentence is vacated, and the matter is remanded to the trial court for resentencing in accordance with Penal Code section 1170 as amended by Senate Bill No. 567.

_____

MARGULIES, J.



WE CONCUR:



HUMES, P. J.



BANKE, J.



A162756
_People v. Snyder_


6